UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAVIER HERNANDEZ,

    Plaintiff,

v.

CASE NO.:

DEALER'S CHOICE AUTO REPAIR, LLC,
Florida Limited Liability Company, and
CHRISTOPHER VALLOZZI, individually,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JAVIER HERNANDEZ ("Hernandez" or "Plaintiff"), by and through undersigned counsel, files this Complaint against Defendants, DEALER'S CHOICE AUTO REPAIR, LLC ("Dealer's Choice") and CHRISTOPHER VALLOZZI ("Vallozzi") (collectively, "Defendants"), and states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid minimum wages, overtime wages, an additional equal amount as liquidated damages, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since all, and/or a substantial part, of the events giving rise to Plaintiff's claims occurred in Collier County, Florida, located within the Middle District of Florida.

## PARTIES

4. At all times material hereto, Plaintiff was a resident of Collier County, Florida.

5. At all times material hereto, Dealer's Choice was, and continues to be a Florida Limited Liability Company, with its principle place of business located in Naples, Florida.

6. At all times material hereto, Vallozzi was engaged in business in the State of Florida.

7. At all times material hereto, Vallozzi was, and continues to be, an individual resident of the State of Florida.

8. At all times material hereto, Defendant Dealer's Choice owned and operated a towing business located at 6203 Janes Lane, Naples, FL 34109.

9. At all times material hereto, Vallozzi owned and operated Dealer's Choice.

10. At all times relevant to this action, Vallozzi managed and operated Dealer's Choice on a day to day basis.

11. At all times material hereto, Vallozzi regularly exercised the authority to hire and fire employees of Dealer's Choice.

12. At all times material hereto, Vallozzi determined the work schedules for the employees of Dealer's Choice.

13. At all times material hereto, Vallozzi controlled the finances and operations of Dealer's Choice.

14. Plaintiff worked for Defendants as a non-exempt tow truck driver.

15. Plaintiff was employed by Defendants from approximately September 2018 through February 2019.

## COVERAGE

16. At all times material hereto, Defendants were, and continue to be, "employers" within the meaning of FLSA.

17. At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA.

18. Based upon information and belief, the annual gross revenue of Dealer's Choice was and is, in excess of $500,000.00 per annum during the relevant time periods.

19. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, computers, telephones, trucks, employee uniforms, and gasoline which were used directly in furtherance of Defendants' commercial activity of operating towing services company.

20. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

21. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA by virtue of providing services on highways that regularly facilitated the flow of interstate commerce.

22. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

23. In approximately September 2018, Defendants hired Plaintiff to work as a non-exempt tow truck driver.

24. In most work weeks Plaintiff worked for Defendants in excess of forty (40) hours

3

within a workweek.

25. Plaintiff's compensation was comprised solely of a percentage of the revenue earned by Defendants for each call that he responded to.

26. Despite of the fact that Plaintiff worked in excess of forty (40) hours in most work weeks, Defendants failed to compensate Plaintiff at a rate that was one and one half times his regular rate of pay.

27. Plaintiff should be compensated at the rate of one and one-half times his regular rate for those hours that he worked in excess of forty (40) hours per week as required by the FLSA.

28. Additionally, Plaintiff's regular rate of pay was less than the applicable minimum wage due to the excessive hours that he worked and sub-standard wages paid.

29. Defendants have violated Title 29 U.S.C. §§ 206 and 207 from at least September 2018 and continuing through February 2019, in that:

    a. Plaintiff worked in excess of forty (40) hours in most weeks during his period of employment with Defendants;

    b. No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA;

    c. Defendants failed to pay Plaintiff at least minimum wage for all weeks worked in violation of the FLSA; and

    d. Defendants have failed to maintain proper time records as mandated by the FLSA.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

30. Plaintiff re-alleges and reavers paragraphs 1 through 29 of the Complaint as if fully set forth herein.

31. From at least September 2018 and continuing through February 2019, Plaintiff worked in excess of forty (40) hours in most work weeks for which he was not compensated at the statutory rate of one and one-half times his regular rate of pay.

32. Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times his regular rate of pay for those hours worked in excess of forty (40) hours.

33. At all times material hereto, Defendants failed and continue to fail to maintain proper time records as mandated by the FLSA.

34. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at the statutory rate of one and one-half times his regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was, and is due.

35. Defendants have failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

36. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

37. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II
## MINIMUM WAGE VIOLATION UNDER FLSA

38. Plaintiff re-alleges and reavers paragraphs 1 through 29 of the Complaint as if fully set forth herein.

39. Plaintiff was entitled to be paid minimum wage for all hours that he worked during each week he worked during his employment with Defendants.

40. Defendants failed to pay Plaintiff minimum wage for each hour that he worked in some work weeks throughout the duration of his employment.

41. Defendants willfully failed to pay Plaintiff the applicable minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

42. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

- a. Awarding Plaintiff minimum wages in the amount due to him for each hour worked in each work week;
- b. Awarding Plaintiff overtime compensation for all hours worked over forty (40) in a work week at the applicable time and one-half rate;
- c. Awarding Plaintiff liquidated damages in an amount equal to the minimum wages award;
- d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);
- e. Awarding Plaintiff pre-judgment interest;

f.  Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as a matter of right by jury.

Dated: March 30th, 2021.                    Respectfully submitted,

                                            */s/ Chanelle J. Ventura*
                                            Chanelle J. Ventura
                                            FL Bar No.: 1002876
                                            MORGAN & MORGAN, P.A.
                                            8151 Peters Road, Suite 4000
                                            Plantation, FL 33324
                                            T: (954) 318-0268;  F: (954) 327-3013
                                            E-mail: CVentura@forthepeople.com

                                            *Trial Counsel for Plaintiff*

**STATE OF FLORIDA**

**COUNTY OF BROWARD**

I, JAVIER HERNANDEZ, declare under penalty of perjury, pursuant to 28 U.S.C. §1746 that the factual allegations in this Complaint are true and correct based on my personal knowledge.

DATE: Mar 25, 2021                         *Javier Hernandez, Jr.*
                                            _____
                                            **JAVIER HERNANDEZ, PLAINTIFF**