UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAVIER HERNANDEZ,

     Plaintiff,

v.                           Case No: 2:21-cv-274-SPC-NPM

DEALER'S CHOICE AUTO REPAIR,
LLC,
Florida Limited Liability Company, and
CHRISTOPHER VALLOZZI, individually,

Defendants.

_____/

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AND MOTION TO DISMISS THE CASE WITH PREJUDICE AND SUPPORTING MEMORANDUM OF LAW

Plaintiff, JAVIER HERNANDEZ ("Hernandez" or "Plaintiff"), and Defendants, DEALER'S CHOICE AUTO REPAIR, LLC ("Dealer's Choice") and CHRISTOPHER VALLOZZI ("Vallozzi") (Dealers Choice and Vallozzi collectively "Defendants") (Hernandez and Defendants collectively the "Parties"), through their respective undersigned counsel, hereby file this Joint Motion for Approval of Settlement and Motion to Dismiss the Case with Prejudice and Supporting Memorandum of Law.

## FACTUAL BACKGROUND

Dealer's Choice provides towing services in Southwest Florida.  Hernandez worked as a tow truck driver for Dealer's Choice from approximately September

2018 through January 2019.

In his Complaint and Demand for Jury Trial filed on March 20, 2021 ("Complaint"), Hernandez alleged that Defendants failed to pay him minimum wages and overtime for hours worked over forty in a workweek. Hernandez sued Defendants seeking to recover minimum wage pay and overtime wages under the Fair Labor Standards Act ("FLSA").

Hernandez alleged that he worked 72 hours each week (or 32 hours of overtime), but that he was only paid a percentage of the revenue earned by Defendants for each service call that he responded to. Hernandez alleged that he should have been paid at least half-time of his regular rate of pay for the hours that he worked over forty each week. In Hernandez's Answers to Interrogatories, Hernandez estimated that his total damages, including liquidated damages, were approximately $5,764.02 for four months of work spanning from September 2010 through December 2018. *See* D.E. 26-1.

Defendants vigorously disputed Hernandez's claims. Specifically, Defendants disputed that Hernandez worked more than forty hours in a work week based on their position that he was "waiting to be engaged" as opposed to "engaged to wait." Therefore, Defendants contended that time where Hernandez was waiting for a service call to be dispatched to him was not compensable time. Moreover, Defendants argued that even if Hernandez could establish an FLSA violation, he could not demonstrate that any violation was "willful" under the FLSA because Defendants relied of advice of counsel regarding their compensation policy. Based

2

on the foregoing, Defendants argued that Hernandez would not be entitled to a three year statute of limitations, which would render Hernandez without any recoverable damages at all since the entirety of his claim fell within the third year of the limitations period, which is only applicable to willful FLSA violations.

Following the exchange of information and documentation pursuant to the Court's FLSA Scheduling Order, the Parties negotiated a settlement of Hernandez's claims against Defendants at mediation on November 18, 2021.  The Parties reached agreement upon the settlement amounts Defendants would pay to Hernandez, as well as the amount Defendants would pay for Hernandez's attorneys' fees and costs. The Parties negotiated the amount that Defendants will pay Hernandez for his attorneys' fees and costs separately from the amounts Defendants will pay him for alleged unpaid wages and any liquidated damages.

As reflected in the Parties' Settlement Agreement ("Agreement"), the settlement amount to be paid to Hernandez include an amount for liquidated damages equal to the amount paid for back wages, as well as separate consideration

for the general release and other promises contained in the Agreement.[1]    The Agreement also provides Plaintiff with a general release and provides that Defendants shall not disparage Plaintiff, providing additional consideration to Plaintiff.[2]    The Agreement is attached as Exhibit A.    Specifically, Defendants will pay Hernandez a total of $2,000.00, which consists of $500.00 for his claimed wage damages, $500.00 for liquidated damages, $400.00 for the general release and no re-hire provision, $400.00 for the confidentiality provision,[3] and $200.00 for the non-disparagement provision.    Defendants will pay $2,000.00 for Hernandez's attorneys'

---

[1]    This Court has approved FLSA settlements in which plaintiffs also agreed to general releases in exchange for separate consideration. *See, e.g., Southwick v. Pystmo, LLC*, Case No. 2:16-cv-625-FtM-99CM, 2018 U.S. Dist. LEXIS 44979, *2 (M.D. Fla. Mar. 20, 2018) (Steele, J.); *Herrera v. R & L Carriers, Inc.*, Case No: 2:16-cv-795-FtM-99MRM, 2017 U.S. Dist. LEXIS 143608, *6 (M.D. Fla. Aug. 31, 2017) (McCoy, M.J.), *report and recommendation adopted by*, 2017 U.S. Dist. LEXIS 143605 (M.D. Fla. Sept. 6, 2017); *Scheall v. Nicaea Acad., Inc.*, Case No: 2:14-cv-653-FtM-29MRM, 2016 U.S. Dist. LEXIS 46528, *5 (M.D. Fla. Mar. 25, 2016) (McCoy, M.J.), *report and recommendation adopted by*, 2016 U.S. Dist. LEXIS 46529 (M.D. Fla. Apr. 6, 2016) (Steele, J.); *Mainous v. Barry's Home Furnishings, LLC*, Case No: 2:15-cv-576-FtM-29MRM, 2016 U.S. Dist. LEXIS 47155, *3 (M.D. Fla. Mar. 21, 2016) (McCoy, M.J.), *report and recommendation adopted by*, 2016 U.S. Dist. LEXIS 47160 (M.D. Fla. Apr. 7, 2016); *Caballero v. Lantern Motors, Inc.*, Case No: 2:14-cv-641-FtM-38MRM, 2015 U.S. Dist. LEXIS 168214, *2 (M.D. Fla. Dec. 11, 2015) (McCoy, M.J.), *report and recommendation adopted by*, 2015 U.S. Dist. LEXIS 168199 (M.D. Fla. Dec. 16, 2015); *Sommer v. Augie My Boy, LLC*, Case No: 2:14-cv-77-FtM-29CM, 2015 U.S. Dist. LEXIS 6711, *2 (M.D. Fla. Jan. 21, 2015) (Steele, J.).

[2]    Courts within this district have repeatedly held that where a mutual general release is coupled with a specific neutral reference from Defendant, the neutral reference constitutes independent consideration apart from that owed to the Plaintiff under the FLSA. *Vela v. Sunnygrove Landscape & Irrigation Maint., LLC*, No. 218CV165FTM38MRM, 2018 WL 8576382, at *3 (M.D. Fla. Oct. 4, 2018), report and recommendation adopted, No. 218CV165FTM38MRM, 2018 WL 8576384 (M.D. Fla. Nov. 7, 2018); *Barnes v. Lane Valente Indus., Inc.*, No. 2:16-CV-174-FTM-99CM, 2016 WL 6122464, at *3 (M.D. Fla. Oct. 13, 2016), report and recommendation adopted, No. 2:16-CV-174-FTM-38CM, 2016 WL 6083777 (M.D. Fla. Oct. 18, 2016); *Buntin v. Square Foot Mgmt. Co., LLC*, No. 6:14-CV-1394-ORL-37, 2015 WL 3407866, at *3 (M.D. Fla. May 27, 2015).

[3]    *See Smith v. Aramark Corp.*, No. 6:14-CV-409-ORL, 2014 WL 5690488, at *4 (M.D. Fla. Nov. 4, 2014) (confidentiality provision did not render FLSA unreasonable where supported by separate consideration); *Lopez v. Neoguard Pest Sol. Servs., Inc.*, No. 619CV364ORL40DCI, 2019 WL 5188331, at *2 (M.D. Fla. Aug. 12, 2019), report and recommendation adopted, No. 619CV364ORL40DCI, 2019 WL 5188229 (M.D. Fla. Aug. 27, 2019) (same);

fees and costs.

This matter involves a bona fide dispute regarding whether and to what extent Plaintiff is entitled to any damages. As demonstrated in this motion, the terms of the Agreement were reached following extensive negotiations by experienced counsel with the assistance of a mediator well-versed in FLSA issues. The Agreement's terms reflect the recognition of the risks and costs of litigation by the Parties with counsel experienced in such matters. In order to avoid these risks and costs, the Parties agree that resolving this litigation in accordance with the Agreement makes sense for all concerned. The Parties therefore respectfully request that this Court approve their settlement.

## MEMORANDUM OF LAW

In the Eleventh Circuit, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or approved by the district court. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). In order to approve the settlement, a court must determine that the compromise is a fair and reasonable resolution of a bona fide dispute under the FLSA. *Id.* at 1354. If the settlement is fair and reasonable, the court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.* The terms of the Parties' settlement plainly comply with the spirit of *Lynn's Food Stores, Inc.*

In considering FLSA settlements, courts must determine whether the settlement is "a fair and reasonable resolution of a bona fide dispute." *Southwick v. Pystmo, LLC*, Case No. 2:16-cv-625-FtM-99CM, 2018 U.S. Dist. LEXIS 44979, *2

(M.D. Fla. Mar. 20, 2018) (Steele, J.).  To this end, Florida district courts frequently consider the following factors: (i) the existence of fraud or collusion behind the settlement; (ii) the complexity and duration of the litigation; (iii) the stage of the proceedings; (iv) the probability of plaintiffs' success; (v) the range of possible recovery; and (vi) the opinions of counsel. *See, e.g.*, *Seda v. All Fla. Appliance & A/C, Inc.*, No. 8:15-cv-00311, 2015 U.S. Dist. LEXIS 75787, *3 (M.D. Fla. June 4, 2015) (Pizzo, M.J.) (citing cases), *report and recommendation adopted by*, 2015 U.S. Dist. LEXIS 75791 (M.D. Fla. June 11, 2015).

In *Lynn's Food Stores, Inc.*, the Eleventh Circuit observed that when an employee initiates a private cause of action, there is "some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute."  679 F.2d at 1354.  Accordingly, the Eleventh Circuit reasoned that when the parties are represented by counsel it is likely there is a reasonable compromise and the settlement should be approved:

> [W]hen the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Consistent with *Lynn's Food Stores, Inc.*, this Court has emphasized the importance of an "adversarial context" as a means to render a settlement "more

likely to reflect a reasonable compromise of disputed issues." *Herrera v. R & L Carriers, Inc.*, Case No: 2:16-cv-795-FtM-99MRM, 2017 U.S. Dist. LEXIS 143608, *3 (M.D. Fla. Aug. 31, 2017) (McCoy, M.J.) (internal quotation marks and quotation omitted). Further, this Court has stated:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claim; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Id.* at *6-7 (quoting *Bonetti v. Embarq Management Company*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009)).

Here, Plaintiff, through and with the advice of his counsel, negotiated settlement terms that are satisfactory to the Parties. The Parties' respective undersigned counsel, who are experienced in wage and hour matters, view the agreed-upon terms as a good outcome for the Parties. It could be years before this matter is ready for a trial, and this Court ultimately could determine that Plaintiff is not entitled to any recovery given Defendants' argument regarding willfulness and the statute of limitations issue. There has been no fraud or collusion in the settlement of this case, and settlement will prevent expensive, protracted, and

uncertain litigation. Moreover, the amount for attorneys' fees and costs that Defendants will pay to Plaintiff is reasonable and was agreed upon without regard to the amounts paid to Plaintiff. Ultimately, after assessing their respective positions and consulting with their counsel, the Parties decided that it is in their respective best interests to resolve this matter through settlement rather than to proceed through protracted and costly litigation.

Based upon the above, the settlement reached in this matter reflects "a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Herrera*, 2017 U.S. Dist. LEXIS 143608, at *3 (quoting *Lynn's Food Stores, Inc.*, 679 F.2d at 1354). The Parties respectfully submit that their settlement should be approved.

## CONCLUSION

In light of the contested issues presented in this case and the protracted, expensive and uncertain litigation that would otherwise lie ahead, the settlement terms represent a fair and equitable resolution of this matter. The Parties therefore respectfully request that the Court enter an order: (1) approving the terms of their Agreement; (2) dismissing this action with prejudice and directing the entry of final judgment; and (3) granting such further relief as the Court deems just.

DATED this 1st day of December, 2021.

Respectfully submitted,

8

| | |
|---|---|
| /s/ Chanelle J. Ventura | /s/ Adam S. Chotiner |
| Chanelle J. Venture, Esq. | Adam S. Chotiner, Esq. |
| Fla. Bar No: 1002876 | Fla. Bar No. 0146315 |
| **MORGAN & MORGAN, P.A**. | **SHAPIRO, BLASI, WASSERMAN & HERMAN, P.A.** |
| 8151 Peters Road, Suite 4000 | 7777 Glades Road, Suite 400 |
| Plantation, FL 33324 | Boca Raton, FL 33434 |
| Tel.: 954.318.0268 | Tel: 561.477.7800 |
| Email: CVentura@forthepeople.com | Email: achotiner@sbwh.law |
| Secondary Email: | *Counsel for Defendants* |
| mperez@forthepeople.com | |
| *Counsel for Plaintiff* | |

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of December, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which I understand will send a notice of electronic filing to all parties of record.

/s/  Chanelle J. Ventura
Chanelle J. Ventura