UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAVIER HERNANDEZ,

        Plaintiff,

v.

Case No. 2:21-cv-274-NPM

CHRISTOPHER VALLOZZI and
DEALER'S CHOICE AUTO
REPAIR, LLC

        Defendants.

## ORDER

Before the Court is a Joint Motion for Approval of Settlement and Motion to Dismiss the Case with Prejudice (Doc. 34). The parties request the Court approve the settlement of the Fair Labor Standards Act ("FLSA") claims in this action. The parties consented to proceed before a Magistrate Judge for all proceedings. (Doc. 31).

Plaintiff Javier Hernandez brought this action to recover minimum hourly wages and overtime pay from Defendants Dealer's Choice Auto Repair, LLC and Christopher Vallozzi under the FLSA, 29 U.S.C. §201 *et seq*. Defendants deny any wrongdoing and maintain Plaintiff has been properly compensated for all hours worked. (Doc. 34, pp. 2-3; Doc. 34-1, p. 2). The parties filed a joint notice of settlement informing the Court of a settlement of all claims. (Doc. 29). The parties

now seek Court approval of their settlement, which will avoid expensive, protracted, and uncertain litigation. (Doc. 34, pp. 5, 7-8).

To approve a settlement, "the cardinal rule is that the District Court must find that the settlement is fair, adequate and reasonable and is not the product of collusion between the parties." *In re Smith*, 926 F.2d 1027, 1029 (11th Cir. 1991) (citations omitted); *see also Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Lab., Emp. Standards Admin., Wage & Hour Div.*, 679 F.2d 1350 (11th Cir. 1982) (holding that a district court properly refuses to enforce a release of FLSA rights obtained outside the context of litigation when it does not represent a fair compromise of the employees' rights, the employer used coercive tactics to obtain it, and the employees were without counsel).

Under the Settlement Agreement, Plaintiff will receive: (1) $500 in unpaid wages; (2) $500 in liquidated damages; (3) $400 in consideration for the no-rehire provision and general release of liability; (4) $400 in consideration for the confidentiality provision; and (5) $2,000 for attorney's fees and costs. (Doc. 34-1, p. 4; Doc. 34, pp. 4-5).

While Plaintiff initially claimed a higher amount in his answers to the Court's Interrogatories (*see* Doc. 26-1, p. 5), the parties explain this discrepancy. Defendants dispute that Plaintiff's time waiting for a service call to be dispatched to him was compensable time. Also, Defendants assert Plaintiff could not demonstrate any

potential violation of the FLSA was "willful" because Defendants relied on advice of counsel regarding their compensation policy. Based on the foregoing, Defendants argued that Plaintiff would not be entitled to a three-year statute of limitations, which would render him without any recoverable damages at all since the entirety of his claim fell within the third year of the limitations period. (Doc. 34, pp. 2-3).

Both parties were represented by competent and experienced counsel throughout the case, and they agree the settlement represents a reasonable compromise. (Doc. 34, pp. 7-8; Doc. 34-1, p. 2). Plaintiff acknowledges a potential of no recovery, and Defendants recognize that a settlement limits expenses associated with further litigation. (Doc. 34, pp. 5, 7-8). Finally, the parties agree to an amount of attorneys' fees and costs separate and apart from the amount of unpaid wages and damages sought by Plaintiff. (Doc. 34, p. 3; Doc. 34-1, p. 4). Therefore, the Court finds there was no undue influence, overreaching, collusion or intimidation in reaching this settlement.

Accordingly, the Joint Motion for Approval of Settlement and Motion to Dismiss the Case with Prejudice (Doc. 34) is **GRANTED**, and the Court approves the Settlement Agreement (Doc. 34-1) as a fair, adequate, and reasonable resolution of a bona fide dispute between the parties. This action is dismissed with prejudice. The Clerk is directed to enter an agreed judgment based on the settlement of this action, terminate all pending motions and scheduled events, and close the case.

- 4 -

**ORDERED** in Fort Myers, Florida on December 7, 2021.

*[Signature]*
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE